SPIVEY *v*. RODGERS.

[75 South. 444, Division A.]

1. ATTORNEY AND CLIENT. *Recovery of money collected for client.
Pleadings sufficiency.*

The pleadings in this case, as set out in the opinion of the court
while inartistically drawn were held to be a substantial compli-
ance with the requirements of section 225, Code 1906, and consti-
tuted a summary motion against the attorney to pay over money
collected for his client; and that the defendant in the lower court
should have been required to answer the motion and show why
the remedy afforded by the statute in such case should not be
invoked against him.

Appeal from the circuit court of Winston county.

Hon. R. C. Jones, Special Judge.

Proceedings by Mrs. Milsie Spivey against H. H. Rodgers. From a judgment dismissing the complaint, complainant appeals.

The facts are fully stated in the opinion of the court.

*H. L. Austin,* for appellant.

The learned counsel for appellee seems to reply on one or two points only to sustain their client's contention. First, because they say that the case is a suit on a declaration and not a motion. I called the court's attention to the fact that the thing filed in the circuit court of Winston county after having set up the facts concludes by moving the court for a judgment in accordance with section 225 of the Code of Mississippi of 1906.

Learned counsel further make the point that the appellant seeks to recover one hundred and eighty-five dollars and that the circuit court had no jurisdiction. I beg to reply by saying that section 225, Miss. Code 1906, gives the right to make a motion against any attorney who has collected money by a motion in the court in which the money was collected, or in the circuit court in the county in which the attorney may reside. I insist that the appellant has followed this statute strictly.

If there is any merit to the contention of appellee on the one hundred and eighty-five dollar jurisdiction proposition it is amply met by the ten per cent damages of eighteen dollars and fifty cents added to the one hundred and eighty-five dollars. This ten per cent damages is authorized and fixed by section, 225, Miss. Code of 1906, and decisions cited thereunder. I also call the court's attention to the case of *Parks* v. *Granger* 51 So. 716, where this court has held that ten per cent

attorneys fee provided for in a note goes to fix jurisdiction.

I submit that the case should be reversed.

*Flowers, Brown, Chambers & Cooper,* for appellee.

This cause was begun in the circuit court of Winston county by the filing of what is called a declaration. See page 4. This document seeks recovery from the appellee of one hundred and eighty-five dollars. Upon motion this cause was dismissed because the sum sued for is for less than two hundred dollars, and because the action is in the nature of a suit rather than a summary motion.

After the filing of this action, the appellant sought to amend the document which he had filed and which he had denominated a declaration. This effort to amend was for the purpose of making this document comply with section 225 of the Code.

The court treated this as a declaration and dismissed the suit. The court evidently heard something as it recites on page 10 of the record the following: "And the court further ruled in this behalf that from the statement of said case that it was not a case that a summary motion could be made in."

The court overruled the motion of the appellant which was in the following words: "The plaintiff then moved the court to change his declaration by inserting the words above set out."

The record clearly shows in this case that this was an attempt to sue the appellee in the circuit court for a debt of one hundred and eighty-five dollars; that the circuit court is without jurisdiction in a cause of this kind is clear and needs no citation of authority.

HOLDEN, J., delivered the opinion of the court.

The appellant Mrs. Melsie Spivey, instituted proceedings in the circuit court of Winston county against

the appellee, H. H. Rodgers, under section 225, Code of 1906, to recover the sum of one hundred and eighty-five dollars with interest and damages thereon, for money alleged to have been received and collected for her by the appellee while acting for her as an attorney at law in a suit on an insurance policy. The defendant Rodgers moved the court to dismiss the suit because the amount of one hundred and eighty-five dollars claimed was below the jurisdiction of the circuit court, and that the suit could not be maintained under section 225, Code of 1906, because the plaintiff did not come into court by summary motion, but that the pleading filed by the plaintiff is a declaration in *assumpsit,* demanding a sum less than two hundred dollars. Upon this ground the circuit judge sustained the motion and dismissed the cause, from which judgment this appeal is prosecuted here.

The written pleading filed by the plaintiff in the court below, which the appellee claims is a declaration, and the appellant contends is a summary motion, and which dispute presents the only question to be decided in the case, we here set out:

"The plaintiff, by her attorney, sues the defendant for that, to wit: That in the year, 1911, in the circuit court of said county, this plaintiff had pending a certain suit against the Penn Mutual Life Insurance Company, on policy for one thousand dollars on her deceased husband's life, payable to this complainant; that she employed the defendant as her attorney to collect said money from said insurance company; that said defendant as attorney in the premises, was to receive for and as his fee the sum of ten per cent upon the amount realized on said policy; that suit was instituted in the circuit court of said county, and judgment was rendered in said court for the sum of one thousand dollars in favor of plaintiff, from which judgment the insurance company appealed to the Supreme Court, on or about the —— day of ——, 1911, and while said cause

was then pending in the said Supreme Court, the said cause was compromised by said insurance company, paying the defendant, H. H. Rodgers, as her attorney, the sum of six hundred and fifty dollars, out of which said defendant was authorized and entitled to hold out as his fee under the contract the sum of sixty-five dollars; that on said compromise, said defendant in September, 1912, paid plaintiff the sum of four hundred dollars, leaving still due her the sum of one hundred and eighty-five dollars, for which said defendant is still due her.

"Plaintiff avers that at the time of the institution of her said suit, the defendant, H. H. Rodgers, was an attorney at law, practicing in this court, and the time of the payment of said four hundred dollars to plaintiff, he was an attorney at law, and that he came into the possession of said sum of six hundred and fifty dollars, he was an attorney at law, and his failure and refusal, when demanded, to pay over to this plaintiff said sum of one hundred and eighty-five dollars, when demanded, was and is a breach of his duty as an attorney at law.

"Plaintiff therefore, by her attorney, now makes motion against said defendant, and demands judgment against said defendant as an attorney at law in the premises, for the said sum of one hundred and eighty-five dollars, with six per cent interest per annum to date of judgment and ten per cent on said sum of principal and interest, as damages in these premises, and that defendant be directed, as an attorney at law, to pay over to plaintiff instanter or within such reasonable time to be fixed by the court as under the facts and circumstances may appear just and reasonable.

"[Signed]　　　　　　H. L. AUSTIN,
"Attorney for plaintiff."

The pleading in question is inartistically drawn, and bears many of the earmarks of a declaration, but we have no hesitancy in saying that it is a substantial compliance with the requirements of section 225, Code

of 1906, and is a summary motion against the attorney to pay over money collected for his client; and the defendant in the lower court should have been required to answer the motion and show why the remedy afforded by the statute in such cases should not be invoked against him, under the a'leged facts set up in the motion presented by the appellant.

The judgment of the lower court is reversed, and the cause remanded.

*Reversed and remanded.*